

FILED

June 18, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:32 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

| | |
|---|---|
| **EMPLOYEE: BESSY SANABRIA** | **DOCKET #:   2015-06-0093**<br>**STATE FILE #: 16559-2015** |
| **EMPLOYER: SANTIAGO ZEYALA AND<br>SUMMIT CONTRACTORS GROUP,<br>INC.** | **DATE OF INJURY: JULY 30, 2014**<br>**JUDGE: BAKER** |
| **INSURANCE CARRIER:   NORTH RIVER<br>INS. CO.** | |

### INTERLOCUTORY ORDER

THIS CAUSE came before the Court upon the Request for Expedited Hearing filed on May 20, 2015, by Bessy Sanabria, the employee, pursuant to Tennessee Code Annotated section 50-6-239, wherein Ms. Sanabria requested that the Court order Summit Contractors Group (Summit) to provide her temporary disability and medical benefits. Ms. Sanabria requested that the Court render its decision based on a review of the case file. Summit did not object to this request. Upon review of the file, the Court enters the following order holding that Ms. Sanabria is entitled to temporary disability and medical benefits. The Court further holds that Summit must pay those benefits.

### ANALYSIS

#### Issue

Whether Summit should be required to provide Ms. Sanabria medical and temporary disability benefits for Ms. Sanabria's workplace accident at a jobsite where Summit acted as the principal contractor, but not her direct employer.

#### Documents Reviewed

The Court reviewed the following exhibits in reaching its decision:

Exh. 1    Request for Expedited Hearing, filed May 19, 2015
Exh. 2    Amended Request for Expedited Hearing, filed May 20, 2015
Exh. 3    Dispute Certification Notice
Exh. 4    Petition for Benefit Determination
Exh. 5    Medical records of Williamson Medical Center (18 pages)
Exh. 6    Vanderbilt Bone and Joint Clinic (31 pages)

Exh. 7     Unsigned letter from Summit Contractors Group, Inc.
Exh. 8     Summit Contractors Group, Inc. Accident/Injury/Incident Report Form
Exh. 9     Note from Ms. Sanabria
Exh. 10    Insurance Carrier Information from North River Insurance Company
Exh. 11    Affidavit of Ms. Sanabria
Exh. 12    Affidavit of William Merrell.

The Court also reviewed the following documents and designates these documents as the technical record:

- Dispute Certification Notice, filed April 10, 2015
- Petitions for Benefit Determination, filed February 27, 2015 (2 petitions)
- Request for Expedited Hearing, filed May 19, 2015
- Amended Request for Expedited Hearing, filed May 20, 2015

**History of Claim**

Ms. Sanabria is a twenty-seven-year-old resident of Davidson County, Tennessee. According to her affidavit, Ms. Sanabria injured her left foot when she slipped and fell from a ladder while preparing a wall for painting. The accident occurred on July 31, 2014, at a construction site for the Crescent Cool Springs apartments located at 200 Resource Parkway in Franklin, Tennessee (Crescent Site). (Exh. 11).

The case file contains a "Summit Contractors Group, Inc. Accident/Injury/Incident Report Form" (Summit Accident Report) completed by Chris Roach, a project manager for Summit. (Exh. 8). In that report, Mr. Roach indicated that he worked for Summit on July 31, 2014, and that he investigated the accident and confirmed that the accident happened in basically the same manner and at the same location that Ms. Sanabria indicated in her affidavit.

Following her injury, Ms. Sanabria went to the Williamson Medical Center (WMC) via ambulance. (Exh. 5). X-rays taken at WMC revealed a comminuted calcaneal fracture accompanied by joint depression. Dr. Ronald Derr of the Vanderbilt Bone and Joint Clinic operated on Ms. Sanabria's foot on August 15, 2014.

Ms. Sanabria recovered well from her surgery and began physical therapy in November, 2014. On November 10, 2014, Dr. Derr wrote the following in his treatment notes: "I will keep her off work until we see her back in 4 weeks and get an idea of how she is doing at that point. Even then, if she returns after that, we will need a [sic] ground level work only on a limited basis." (Exh. 6). When she returned to Dr. Derr's office on December 8, 2014, Dr. Derr wrote:

> On followup [sic], I want her to start giving me some feedback on where she is in regards to returning to work with the requirements that she will have to return. We started hopefully working gradual weaning back into work at that time. I need to do work hardening on her FCE soon.

2

When Ms. Sanabria returned to Dr. Derr on January 8, 2015, he provided a pain relief shot and recommended more physical therapy but made no mention in his notes about when, or if, Ms. Sanabria could return to work.

Ms. Sanabria worked for Santiago Zelaya at the time of the accident. She earned nine dollars ($9.00) per hour while working fifty-five (55) to sixty (60) hours per week. Ms. Sanabria claims that Mr. Zelaya paid her in cash. (Exh. 11). After Ms. Sanabria suffered her injury, Vanderbilt Bone and Joint Clinic attempted to collect payment from Mr. Zelaya's workers' compensation insurance carrier. The carrier refused payment because Mr. Zelaya's policy did not cover his employees for injuries incurred while working in Tennessee. (Exh. 6).

Summit prepared a letter summarizing its work relationship with Ms. Sanabria. (Exh. 7). The letter stated that Ms. Sanabria does not work for Summit. The letter further states "The company we have Mrs. Sanabria working for on file is Roney Drywall, which is a subcontractor to Tabares (sub-sub to Summit)." The letter also indicated that Ms. Sanabria had signed a letter "…stating that she holds Summit harmless for the accident."

On February 27, 2015, Ms. Sanabria filed two Petitions for Benefit Determination (PBDs) seeking workers' compensation benefits for her July 31, 2014 workplace accident. In one petition, she named Mr. Zelaya as the employer. In the other, she named Summit as the employer. The parties were unsuccessful at mediation and the mediator filed a Dispute Certification Notice (DCN) with the Court on April 10, 2015. Ms. Sanabria filed a Request for Expedited Hearing on May 19, 2015, that identified only Summit as the employer. She filed an amended request on May 20, 2015, that identified Mr. Zelaya, Summit and Summit's insurance carrier, North River Insurance Company (North River), as defendants.

## Employee's Contentions

Ms. Sanabria argues that she suffered an injury to her left foot and that the accident causing the injury arose primarily out of and in the course and scope of her employment for Mr. Zelaya. She contends that she is entitled to temporary disability and medical benefits for her accident. She further argues that Summit, as the principal contractor, must provide the benefits because her immediate employer failed to carry workers' compensation insurance.

## Employer's Contentions

Summit has not provided a response. Furthermore, the case file contains an accident report completed by a Summit employee that corroborates the time, place and basic factual scenario associated with Ms. Sanabria's injury. However, the case file also contains a letter where Summit states that Ms. Sanabria never worked directly for Summit. In the letter, Summit also claimed that Ms. Sanabria signed a letter agreeing to hold it harmless for her injury. Essentially, Summit's position is that Ms. Sanabria has expressly waived her cause of action to recover workers' compensation benefits from Summit.

## Findings of Fact and Conclusions of Law

3

*Standard Applied*

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

*Factual Findings*

The Court finds that Ms. Sanabria suffered an injury to her left foot on July 31, 2014, when she fell from a ladder while preparing a wall for painting. The Court finds that the accident occurred at the Crescent Site where Summit acted as the principal contractor. The Court finds that Ms. Sanabria's immediate employer, Mr. Salaya, worked as a subcontractor for Summit. The Court finds that Mr. Salaya failed to carry workers' compensation insurance. The Court finds that Ms. Sanabria could not work from July 31, 2014, through January 8, 2015, due to injuries directly related to her work-related accident. The Court finds that Ms. Sanabria earned nine dollars ($9.00) per hour and worked sixty (60) hours per week.

*Application of Law to Facts*

In order for an injury to be compensable, it must have been accidental. Under the Tennessee Workers' Compensation Law, an injury is accidental "…only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence…" Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

Here, the facts related to Ms. Sanabria's accident are essentially undisputed, as both Ms. Sanabria and Summit have respectively provided an affidavit and a Summit Accident Report stating that she fell from a ladder while working at the Crescent Site on July 31, 2014. The nature of her injury is likewise undisputed. Dr. Derr's medical records indicate that Ms. Sanabria suffered a left-calcaneal fracture and joint depression. The medical records indicate that Dr. Derr based his diagnosis on the same factual scenario presented by both parties. Accordingly, for the purposes of this Record Review the Court finds that Ms. Sanabria has established that she will likely prevail at a hearing on the merits.

The Court now turns to the issue of temporary benefits. Tennessee law requires an employer

to provide "…free of charge to the employee such medical and surgical treatment…made reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). The medical records reveal that Ms. Sanabria's injury required surgery and rehabilitation. The Court finds that her employer must pay the cost she incurred in treating her injury and the costs of any additional, future medical care.

Concerning temporary disability benefits, the Court finds that Ms. Sanabria may recover those as well. An employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated section 50-6-207(1) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work. *See Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978). In order to establish a *prima facie* case for temporary total disability benefits, the worker must show that (1) he or she was totally disabled and unable to work due to a compensable injury, (2) that the work injury and inability to work are causally connected, and (3) the duration of the disability. *Gray v. Cullom Machine, Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004). Entitlement to temporary total disability benefits ends whenever an employee is able to return to work. *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000).

Ms. Sanabria has suffered a compensable injury. The Court finds that Dr. Derr took her off work from July 31, 2014, through January 8, 2015. The Court notes that the period of temporary disability may be longer but there are no medical records specifically mentioning her inability to work past January 8, 2015. Ms. Sanabria claimed that she earned nine dollars ($9.00) an hour while working on the Summit jobsite and worked fifty-five (55) to sixty (60) hours a week. The case file does not contain a wage statement and Summit has not provided any information disputing the wages and hours Ms. Sanabria claimed she earned and worked. The Court, therefore, finds that Ms. Sanabria earned an average weekly wage of five hundred forty dollars ($540.00) per week, resulting in a compensation rate of three hundred sixty dollars ($360.00) per week. The time between August 1, 2014, and January 8, 2015, encompasses twenty-eight (28) weeks and two (2) days. The Court finds that Ms. Sanabria is entitled to recovery temporary total disability benefits in the amount of $10,182.86 for this entire period

Finally, Ms. Sanabria seeks recovery of the medical and temporary disability benefits from Summit as the principal contractor due to her immediate employer's failure to provide workers' compensation insurance. The Court finds Summit liable for the temporary benefits.

Tennessee Code Annotated section 50-6-113 provides the following in pertinent part:

> (a) A principal contractor, intermediate contractor or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal contractor, intermediate contractor or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer.
>
> (b) Any principal contractor, intermediate contractor or subcontractor who pays compensation under subsection (a) may recover the amount paid from any person who, independently of this

section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.

(c) Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but the proceedings shall not constitute a waiver of the employee's rights to recover compensation under this chapter from the principal contractor or intermediate contractor; provided, that the collection of full compensation from one (1) employer shall bar recovery by the employee against any others, nor shall the employee collect from all a total compensation in excess of the amount for which any of the contractors is liable.

*Id*. § 50-6-113(a)-(c) (2014).

The evidence shows that Ms. Sanabria worked directly for Mr. Zelaya when she suffered injury at the Crescent Site. Ms. Sanabria's affidavit states that she worked for Mr. Zelaya and the file contains no other sworn statements refuting her affidavit. The only evidence tending to discredit her affidavit comes from the Summit Accident Report that identified "Roney Drywall, LLC" as her direct employer. The Court finds Ms. Sanabria's affidavit compelling on this issue. The evidence further shows that Summit served as the principal contractor at the Crescent Site. The evidence also shows that Mr. Zelaya did not have valid workers' compensation insurance as Vanderbilt attempted to collect payment for the medical bills from her immediate employer's insurance carrier but the carrier refused to pay and informed Vanderbilt that Ms. Sanabria's immediate employer did not have a valid insurance policy.[1] Ms. Sanabria has instituted an action for recovery against both her immediate employer, Mr. Zelaya, and Summit and thereby satisfied the procedural requirements of Tennessee Code Annotated section 50-6-113(c). The Court holds that the evidence is sufficient to satisfy Ms. Sanabria's burden of proving Summit's liability in the context of this Record Review. *See McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015) (holding that a different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings.).

Summit has presented the Court a letter allegedly written by Ms. Sanabria. Summit claims that the letter serves as a liability waiver and prevents Ms. Sanabria from holding it liable for the July 31, 2014 workplace accident. The letter, however, does not mention Summit, is not dated and has not been properly authenticated. Furthermore, even if the letter were dated and authenticated, the Court would still find that it does not bar Ms. Sanabria from recovering benefits from Summit because Tennessee Code Annotated section 50-6-114(a) (2014) expressly prohibits relieving an employer from its obligations under the Tennessee Workers' Compensation Law through a contract or agreement. For these reasons, the Court finds that the letter does not serve as a valid waiver of liability against Summit.

---

[1] Ms. Sanabria also relied on the affidavit of her attorney, William Merrell. The Court has not relied on Mr. Merrell's affidavit in determining whether Mr. Zelaya had workers' compensation insurance.

6

**IT IS, THEREFORE, ORDERED** as follows:

1. Summit or its workers' compensation carrier shall provide Ms. Sanabria with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204, to be initiated by Summit or its workers' compensation carrier providing Ms. Sanabria with a panel of physicians as required by that statute. Medical bills shall be furnished to Summit or its workers' compensation carrier by Ms. Sanabria or the medical providers.

2. The amount of temporary disability benefit is $360.00 per week based on Employee's average weekly wage of $540.00.

3. Payment of past due benefits in the amount of $10,182.86, shall be made by Summit for the period from August 1, 2014, to January 8, 2015.

4. This matter is set for Initial Hearing on July 27, 2015, at 9:00 a.m.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 18th DAY OF JUNE, 2015.

_____

**Joshua Davis Baker**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Baker, Court of Workers' Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result

in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Interlocutory Order was sent to the following recipients by the following methods of service on this the 18th day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| **William Merrell** | | | | | **x** | **bill@higginsfirm.com** |
| **James Tucker** | | | | | **x** | **jtucker@manierherod.com** |

_____
**Penny Patterson-Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**